manding him to the custody of the Sheriff, with instructions to deliver him to the agent of the demanding State.

The State established a prima facie case.

Appellant did not testify nor offer any witnesses in his behalf. Therefore, no issue was made as to his identity, and the trial court acted properly in remanding appellant to the custody of the Sheriff.

No bills of exception appear in the record.

The judgment is affirmed.

BELCHER, Commissioner.

The offense is driving an automobile upon a public highway while intoxicated; the punishment, a fine of $100.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts and bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

## HARRIS v. STATE.
### No. 26211.

Court of Criminal Appeals of Texas.
Jan. 28, 1953.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

## SHORT v. STATE.
### No. 26214.

Court of Criminal Appeals of Texas.
Jan. 28, 1953.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Upon his plea of guilty before the court, appellant was convicted for the offense of driving a motor vehicle while intoxicated. His punishment was assessed at a fine of $100.